IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| IZAREEL NAYLOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLS-22-695 |
| SPIRIT AIRLINES, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

The case is before the undersigned for all proceedings with the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF No. 18).

Currently pending before the Court is a request filed by Defendant Spirit Airlines, Inc. ("Defendant") seeking an order to compel a neuropsychological evaluation of Izareel Naylor ("Plaintiff") pursuant to Fed. R. Civ. P. 35. Specifically, the Defendant requests an order that the evaluation of Plaintiff be conducted by Dr. Jeffrey R. Campodonico and occur: (1) over two, half-days; (2) without an audio or video recording of the sessions; and (3) without advanced disclosure to the Plaintiff of the types of tests to be administered. (ECF No. 39). The Court construes the request as a motion to compel a Rule 35 examination of Plaintiff under certain conditions ("the Motion"). The Plaintiff filed a response to the Motion, in which she stated that she did not object to the two, half-day sessions and that she no longer sought information in advance about the tests to be administered. (ECF No. 41). However, Plaintiff maintains that videotaping of her examination is appropriate. (*Id.*).

In their respective pleadings, the parties provided case law to support their arguments.

(ECF Nos. 39, 41). After reviewing the case law, the Court ordered the parties to provide supplemental authority. (ECF No. 42). The parties provided supplemental legal authority and argument. (ECF Nos. 43, 44). Accordingly, this matter has been fully briefed and no further hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021).

Pursuant to Fed. R. Civ. P. 35(a)(1), (a)(2)(B), a court may order a party whose mental condition is "in controversy" to submit to a mental examination by a "suitably licensed or certified examiner," to occur in a certain manner and under certain conditions.

Here, Plaintiff does not dispute that Dr. Campodonico may perform a neuropsychological evaluation (to include testing) on her. Rather, Plaintiff avers that the neuropsychological evaluation should be recorded because: (a) "videorecording is commonplace;" and (b) there is a "need to ensure that the neuropsychological examination that utilizes standardized tests is administered in conformity with the manual for each test." (ECF Nos. 41, 44). The Defendant contends that videorecording should be prohibited because: (a) adding this artificial device could impact the results of the examination; (b) federal courts generally prohibit the recording of Rule 35 examinations; and (c) other procedural safeguards exist in this adversarial process that Plaintiff can utilize to protect her interests. (ECF No. 43).

As a preliminary matter, most federal courts "analyze a request for a [videorecording of a Rule 35 examination] in the same way that they evaluate a motion to permit the presence of any attorney." *Hirschheimer v. Associated Metals & Minerals Corp.*, Civ. No. 94-6155, 1995 WL 736901, at *4 (S.D.N.Y. Dec. 12, 1995); *see also Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006) (analysis of whether a "third party" should be allowed, which is defined as a person or, indirectly, a recording device); *Holland v. United States*, 182 F.R.D. 493, 495 (D.S.C. 1998) (same); *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994) (request to

permit third party observer or recording of examination evaluated in the same manner). In addition, because Plaintiff seeks to have her neuropsychological evaluation videorecorded, she bears the burden of justifying the need for the direct presence of a third party (person) or the indirect presence of a third party (recording device). *See Feinman v. Cunningham*, Civ. No. DKC 08-3376, 2009 WL 2499717, at *1 (D. Md. Aug. 12, 2009).

Some courts have required a showing of "good cause" to justify the presence of a recording device. *See, e.g.*, *Calderon v. Reederei Clause-Peter Offen GmBH & Co.*, 258 F.R.D. 523, 529 (S.D. Fla. 2009); *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (party seeking to have Rule 35 examination recorded bears the burden of demonstrating "good cause" for the request). To establish "good cause," the party must provide "a particular and specific demonstration *of fact,* as distinguished from stereotyped statements." *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 624 (D. Kan. 1999) (emphasis supplied). Other federal courts permit the indirect or direct presence of a third party when "exceptional circumstances" exist. *DiBari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12 (E.D.N.Y. 1989). Furthermore, a court within this District has required "a compelling determination of need" for the presence of a third party in a Rule 35 examination. *McKitis v. Defazio*, 187 F.R.D. 225, 228 (D. Md. 1999); *see also Holland*, *supra*, at 495 ("weight of federal authority" favors exclusion absent a compelling need).[1]

Regardless of whether the standard is "good cause," "exceptional circumstances," or a "compelling determination of need," the analysis that this Court performs must be fact-driven. *See Hertenstein*, 189 F.R.D. at 624. In her pleadings, Plaintiff fails to provide any *facts* to support the argument that Dr. Campodonico will not administer the standardized tests, as she characterizes it, "in conformity with the manual for each test." (ECF No. 44). Similarly, the Court is unpersuaded

---

[1] In support of this holding, the *Holland* court cites, by way of example, to cases from these federal courts: N.D. Ind; S.D.W.Va.; C.D.Ill.; S.D.N.Y.; D.Del.; and *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D. Md. 1960).

3

by Plaintiff's conclusory or "stereotyped" statement that "mistakes (intentional or negligent) in regard to giving tests, and/or recording the results, are unfortunately common." (ECF No. 41). Indeed, Plaintiff fails to cite to any factual, legal, or medical authority to support this assertion. Accordingly, because the record is devoid of any facts to support such arguments, there is no basis for the Court to find that Dr. Campodonico lacks the education, skills, or ethics to act as required by the unidentified "testing manuals" to which Plaintiff refers in her pleadings.

Next, Plaintiff will undoubtedly receive Dr. Campodonico's expert report and will be able to depose him about his testing methodologies, as well as about anything else relevant to establishing his bias or prejudice, consistent with the Federal Rules of Evidence. *See McKitis*, 187 F.R.D. at 228; *Feinman*, 2009 WL 2499717, at *2. In addition, consistent with Fed. R. Evid. 401, 403, and 702, if necessary, Plaintiff could seek to preclude Dr. Campodonico's testimony under *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579 (1993). Alternatively, should Dr. Campodonico's expert testimony be admitted at trial, Plaintiff will have the opportunity to cross examine him, and will be able to offer contrary testimony via her own expert. *Feinman*, 2009 WL 2499717, at *2; *see also United States v. Coyle*, Civ. No. 13-2096, 2013 WL 5508309, at *1 (E.D.N.C. Sept. 19, 2013) (court denied request for videorecording where respondent alleged that it was necessary to "effectively" cross examine psychologist who interviewed him). The Court finds that these federal procedural and evidentiary safeguards adequately address Plaintiff's concerns about Dr. Campodonico's credibility, bias, or prejudice.

Moreover, the Court finds persuasive the holdings of several federal courts that reject the use of a recording device during a Rule 35 examination because of several compelling factors. For instance, in *Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D. Minn. 1993), the court precluded a third party from attending a Rule 35 examination because it "would lend a degree of artificiality to the

interview technique which would be inconsistent with applicable professional standards." Similarly, in *Holland*, *supra*, the court refused to allow a videographer to be present at a Rule 35 examination of the plaintiff because it "could influence [the plaintiff], even unconsciously, to exaggerate or diminish his reactions to [the physician's] physical examination." 182 F.R.D. at 496. In *Favale*, *supra*, the court held that "while tape recording is less intrusive than permitting a third party to be present, it would still impede one-on-one communication between the patient and psychologist and tend to undermine the psychologist's evaluator technique." 235 F.R.D. at 557 (citation omitted). And, in *Tirado*, *supra*, the court held that "the introduction of a human or mechanical presence—whether a lawyer, stenographer, a tape recorder, or other instrumentality—changes the nature of the proceeding, much in the way that television 'coverage' of events qualitatively changes what occurs in front of the camera." 158 F.R.D. at 299. The Court finds these cases persuasive because they reinforce the notion that the neuropsychological examination and testing should be pristine, without any outside distractions or conditions that could interfere with Dr. Campodonico's interaction with Plaintiff. In sum, the Court does not find that Plaintiff will be unfairly prejudiced by the neuropsychological examination process.

Furthermore, the federal cases[2] relied upon by Plaintiff are readily distinguishable from the instant case. In this District, in *Rachel-Smith v. FTData, Inc.*, 247 F. Supp. 2d 734, 737-78 (D. Md. 2003), the psychiatrist consented to the use of a recording device during the Rule 35 examination, so the court never had to reach the concerns raised in *Tomlin*, *Holland*, *Favale*, or *Tirado*. Also in this District, in *Dziwanoski, supra*, the court held that the plaintiff's physician could be present during the Rule 35 examination, upon a showing of good cause by the plaintiff and "if desired,"

---

[2] In her pleadings, Plaintiff cites predominantly to state law cases. The Court declines to rely upon the state caselaw where there is plenty of federal legal authority more germane to resolving the issue.

or if "plaintiff wishes to do so." 26 F.R.D. at 598. There is no request before me to have Plaintiff's expert present. In *Rowan v. Sunflower Elec. Power Corp.*, 2016 U.S. Dist. LEXIS 129434, at *7 (D. Kan. Dec. 7, 2016), that court had ample evidence before it of the plaintiff's cognitive issues, in contrast to the instant case where Plaintiff's counsel offers no argument or factual support of impairment other than stray remarks about Ms. Naylor being "brain-damaged," and, as stated above, offers only speculation that Dr. Campodonico will administer the testing incorrectly. In *Maldonado v. Union Pac. R.R. Co.*, Civ. No. 09-1187, 2010 U.S. Dist. LEXIS 145645, at *10 (D. Kan. Mar. 8, 2011), in addition to cognitive impairments, the plaintiff did not speak English and had a third-grade education, facts not present here. In *Kuslick v. Roszczewski*, Civ. No. 09-12307, 2012 U.S. Dist. LEXIS 35720, at *14-15 (E.D. Mich. Mar. 16, 2012) and *Zabkowicz v. W. Bend Co.*, 585 F. Supp. 635, 636 (E.D. Wis. 1984), the courts allowed plaintiffs to record the examinations. The *Kuslick* and *Zabkowicz* courts, in essence, held that because the defendants' experts were engaged on the defendants' behalf, they were not neutral, and there were advantages that the experts might unfairly obtain during unsupervised examinations. This Court does not share this view that because the Defendant hired Dr. Campodonico he should be presumed to be biased, nor should it be presumed that he would unfairly gain some advantage during an unsupervised examination.

As this Court held *supra*, adequate procedural safeguards exist to address any bias, prejudice, or evidentiary concerns. In *Vreeland v. Ethan Allen, Inc.*, 151 F.R.D. 551 (S.D.N.Y. 1993), the court permitted the plaintiff's attorney to attend the Rule 35 examination, which Plaintiff does not request here. Had Plaintiff made such a request, this Court would have denied it. *See Dziwanoski*, 26 F.R.D. at 598 ("the presence of the lawyer for the party to be examined is not ordinarily either necessary or proper . . . if the attorney desires to be present in order to control the

examination, that would invade the province of the physician; if he desires his observations to be the basis of cross-examination or possible contradiction of the doctor, he is making himself in effect a witness, with the difficulties which are likely to arise when an attorney asks questions on cross-examination based upon his own observations, and the possibility that he may wish to take the stand and thereby disqualify himself from completing the trial as the attorney"). Finally, in *Tracey P v. Sarasota County*, Civ. No. 05-927-T-27EAJ, 2006 U.S. Dist. LEXIS 40013, at *12 (M.D. Fla. June 16, 2006), the plaintiff was permitted to bring a court reporter to record via audio the Rule 35 examination. However, as held above, this Court follows the logic articulated in *Tirado*, *supra*, 158 F.R.D. at 299, that introduction of a court reporter inappropriately changes the nature of the proceeding.

In sum, Plaintiff has not demonstrated good cause, exceptional circumstances, or a compelling need to permit videorecording of her neuropsychological examination. In addition, adequate procedural safeguards exist to protect Plaintiff's interests and address her concerns.

For the reasons articulated herein, it is this 13th day of July, 2023, **HEREBY ORDERED** that Defendant's Motion is **GRANTED**. Plaintiff shall submit to a neuropsychological performed by Dr. Campodonico, which will occur (1) over two, half-days; (2) without advanced disclosure to the Plaintiff of the types of tests to be administered; and (3) without an audio or video recording of the sessions.

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge